UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Ray Doss,** | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Civil Action No.: 1:11 cv 877 ) Plaintiff Demands Trial by Jury |
| **FMS, Inc.**, a foreign corporation, **Allstate Financial Services, Inc.**, a foreign corporation, and **Applied Card Systems, Inc.**, a foreign corporation, | ) ) ) ) ) ) ) |
| *Defendants.* | ) |

## COMPLAINT

### I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and, in addition, state of Alabama common law claims for negligence, breach of contract, invasion of privacy, harassment, negligent hiring, and fraud (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C.§ 1681, and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendants' transact business and the conduct complained of occurred in Houston County, Alabama.

### III. PARTIES

3. Plaintiff Ray Doss (hereinafter, "Plaintiff") is a natural person of the age of majority and residing in Houston County, Alabama. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant FMS, Inc. (hereinafter, "Defendant" or "FMS") is a foreign corporation engaged in the business of collecting consumer debts in the state of Alabama. The principal purpose of FMS is the collection of such debts using the mails and telephone. FMS regularly attempts to collect debts alleged to be due another. FMS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Code of Alabama, § 40-12-80.

5. Defendant Allstate Financial Services, Inc. (hereinafter, "Defendant" or "Allstate") is a foreign corporation engaged in the business of collecting consumer debts in the state of Alabama. The principal purpose of Allstate is the collection of such debts using the mails and telephone. Allstate regularly attempts to collect debts alleged to be due another. Allstate is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Code of Alabama, §40-12-80.

6. Defendant Applied Card Systems, Inc. (hereinafter, "Defendant" or "ACS") is a foreign corporation who routinely and in the ordinary course of its business provides credit to consumers residing within the state of Alabama.

### IV. FACTUAL ALLEGATIONS

7. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

8. Prior to August 18, 2009, ACS assigned, conveyed or otherwise transferred an account (hereinafter, the "Account") allegedly belonging to Plaintiff to Allstate for the sole purpose

of collection.

9. On or around August 18, 2009, an agreement (hereinafter, the "Agreement") was reached between Plaintiff and Allstate whereby Allstate, on behalf of ACS, agreed to accept the sum of $500 as payment in full of the Account.

10. By virtue of a letter of said date, Allstate represented that "the . . . account will be considered SETTLED IN FULL once the balance has been confirmed as clearing your account."

11. On the 20th of August 2009, Plaintiff remitted or caused to be remitted check number 68908 in the amount of $500 to Allstate as full and final settlement of the Account. Nevertheless, ACS and Allstate failed to honor such agreement and commencing on or around May 6, 2011, FMS began forwarding written correspondence to Plaintiff attempting to collect the difference between the claimed balance on the Account and the amount remitted in settlement thereof, or $637.87.

12. Within FMS's collection correspondence it states that FMS has "been authorized by APPLIED BANK to offer [Plaintiff] a 50% settlement to pay [Plaintiff's] outstanding balance . . . ."

13. On or around the 27th day of July, 2011, Plaintiff forwarded or caused to be forwarded to FMS and Allstate cease and desist letters demanding compensation for these Defendants' unlawful conduct, confirmation that the Account is closed and paid in full, and demanding that all credit reporting agencies be notified to delete any and all trade line entries pertaining to the Account.

14. Notwithstanding the aforesaid request, Defendants have failed and/or refused to respond to Plaintiff's cease and desist letter thus resulting in this proceeding.

## V. GENERALLY

15. Due to Defendants' harassing, illegal and abusive tactics, Plaintiff was forced to retain the services of an attorney to represent him in this matter.

16. The facts considered, Plaintiff assumes that Defendants will continue to pursue the alleged debt and, in addition, continue to violate the FDCPA and state law.

17. As a result of the acts alleged above, Plaintiff has suffered severe distress, mental anguish, headaches, embarrassment, loss of sleep, and was forced to hire the services of an attorney.

## VI. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### DEFENDANTS FMS AND ALLSTATE

18. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

19. Defendants <u>violated</u> the FDCPA. Defendants' violations include, but are not limited to, the following:

    a) Contacting Plaintiff when Defendants knew Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of such attorney's name and address in violation of 1692c(a)(2);

    b) Attempting to collect a debt not legally owed, using false and/or misleading representations, in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10);

    c) Taking illegal actions against Plaintiff in violation of 15 U.S.C. §§ 1692f(1); and

    d) Reporting the debt within Plaintiff's credit reports in violation of 15 U.S.C. 1692b(2), 1692e(3) and 1692e(8).

20. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for

declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, compensatory damages, statutory damages, punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

a. Declaratory judgment that Defendants' conduct violated the FDCPA;

b. Actual and punitive damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

e. For such other and further relief as the Court may deem just and proper.

## COUNT II
## NEGLIGENCE
## ALL DEFENDANTS

21. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

22. Defendants had a duty to ensure that Plaintiff was indebted to ACS prior to commencing and/or causing to be commenced collection activity against Plaintiff.

23. Furthermore, because the Account had previously been settled, Defendants had a duty to refrain from engaging in collection activity thereon.

24. Defendants breached said duties of care.

25. ACS had duties of care to identity the Account as having been settled in or around August, 2009, to refrain from any and all further collection activity upon the Account, to notify the credit reporting agencies that the Account was settled, and to refrain from assigning, conveying or otherwise transferring the Account to another entity for the sole purpose of collection. ACS breached said duties of care.

26. Allstate had duties of care to settle the Account upon the agreed terms, notify ACS that the Account was settled, to refrain from any and all further collection activity upon the Account, to notify the credit reporting agencies that the Account was settled, and to refrain from assigning, consigning or otherwise transferring the Account to another entity for the purpose of collection. Allstate breached said duties of care.

27. FMS had a duty of care to ensure that Plaintiff was indebted on the Account and, upon learning otherwise, to cease and desist from any and all further collection activity thereon. FMS breached said duty of care.

28. As a proximate consequence of Defendants' negligence, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

   a. actual damages;

   b. compensatory damages; and,

   c. For such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT
## DEFENDANTS ACS AND ALLSTATE

29. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

30. As stated hereinabove, Plaintiff entered into an agreement whereby he agreed to remit the sum of $500 to Allstate in full satisfaction of the Account.

31. Plaintiff conformed to the dictates of the Agreement by remitting such sum to Allstate.

32. Defendants agreed to issue a full release as to all Plaintiff's alleged obligations upon the Account.

33. Defendants failed and/or refused to issue a full release to Plaintiff. Disturbingly, Defendants assigned, consigned or otherwise transferred the Account to FMS for the purpose of collection.

34. Defendants acted wilfully and maliciously with the intent to injure Plaintiff.

35. As a proximate consequence thereof, Plaintiff has been deprived of the benefit to which he was entitled under the Agreement.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

a. Actual and compensatory damages; and

b. For such other and further relief as the Court may deem just and proper.

### COUNT IV
### FRAUD
### DEFENDANT ACS

36. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

37. ACS, through its agent Allstate, represented to Plaintiff that, upon receipt of payment in the amount stated within the Agreement, ACS would close such account and identity the same as settled in full.

38. ACS intended for Plaintiff to rely upon such fraudulent representation. In fact, Plaintiff relied upon ACS's representation and, because Plaintiff remitted the sum of $500 in settlement of the Account, such reliance has been to Plaintiff's detriment.

39. As a direct and proximate consequence of such misrepresentation, Plaintiff has been

humiliated, embarrassed, emotionally distressed, suffered loss of sleep, lost money and, in addition, forced to hire the services of an attorney to defend this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

a.  Actual and compensatory damages;

b.  Punitive or exemplary damages; and

c.  Such other and further relief as this Court may deem just and proper.

## COUNT V
## HARASSMENT
## DEFENDANT FMS

40. Plaintiff incorporates herein by reference each of the foregoing paragraphs.

41. As stated hereinabove, FMS repeatedly contacted Plaintiff in an attempt to collect upon the Account which was settled.

42. Such communications occurred after Plaintiff settled the Account in full and advised FMS of such settlement.

43. By virtue of FMS's knowledge of settlement of the Account, FMS's harassing communications to Plaintiff were willful, intentional and malicious with the intent to injure Plaintiff.

44. As a direct and proximate consequence of FMS's harassment, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against FMS for the following:

a.  actual damages;

b.   compensatory and punitive damages; and,

c.   for such other and further relief as the Court may deem just and proper.

### COUNT VI
### INVASION OF PRIVACY
### DEFENDANT FMS

45.  Plaintiff incorporates herein by reference each of the foregoing paragraphs.

46.  As stated hereinabove, FMS illegally and repeatedly intruded upon the seclusion and solitude of Plaintiff. FMS's invasion of Plaintiff's privacy was willful, intentional and malicious with the intent to injure Plaintiff.

47.  As a direct and proximate consequence of FMS's invasion of Plaintiff's privacy, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against FMS for the following:

a.   actual damages;

b.   compensatory and punitive damages; and,

c.   for such other and further relief as the Court may deem just and proper.

### COUNT VII
### NEGLIGENT HIRING, SUPERVISION, AND/OR TRAINING
### ALL DEFENDANTS

48.  Plaintiff incorporates herein by reference each of the foregoing paragraphs.

49.  Defendants were negligent or wanton in the hiring, supervision and/or training of their agents and/or employees.

50.  The agents and/or employees of Defendants, while acting in furtherance and in the line and scope of each individual's agency or employment, were incompetent to perform the

requisite duties and, furthermore, Defendants knew or should have known of such incompetence.

51. As a result thereof, Defendants have engaged in, or caused others to engage in, conduct that constitutes collection activity upon an account that has been settled.

52. As a direct and proximate consequence of Defendants' negligent hiring, supervision and training, Plaintiff has been embarrassed, humiliated, emotionally distressed and, in addition, forced to retain the services of an attorney to prosecute this matter.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, for the following:

a. actual damages;

b. compensatory and punitive damages; and,

c. for such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this the 12th day of October, 2011.

/s/ Anthony B. Bush
Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
**Lewis, Bush & Faulk, LLC**
400 South Union Street, Suite 230
Montgomery, Alabama 36104
Phone:(334) 263-7733
Facsimile:(334) 832-4390
Bar Id. #:  ASB-7306-A54B

**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**Applied Card Systems, Inc.**
4700 Exchange Court
Boca Raton, Florida 33431

**FMS, Inc.** a/k/a Oklahoma FMS, Inc.
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

**Allstate Financial Services**
c/o Michael O'Connor, Registered Agent
1050 East Flamingo Road
Suite E-320
Las Vegas, Nevada 89119